CHARLES P. MORSE *vs.* DAVID G. ALDRICH.

Worcester.   Oct. 5, 1880. — April 6, 1881.   COLT, MORTON & FIELD, JJ., absent.

A debtor, with intent to defraud his creditors, conveyed land, and afterwards caused his grantee to convey it to B., who did not participate in the fraud, in consideration of a debt due him, and that any amount above that sum realized by him from a sale of the land should be paid to the debtor. Before the conveyance to B. was recorded, and while the record title stood in his grantor's name, A. made a general attachment of the debtor's real estate in the county, but the officer did not make the addition to the return required by the Gen. Sts. c. 123, § 55; and the land in question was afterwards taken on execution, and conveyed by the officer to A. *Held*, that he could not maintain a writ of entry against B.

WRIT OF ENTRY to recover a parcel of land in Princeton. Plea, *nul disseisin.* Trial in the Superior Court, before *Dewey*, J., who directed a verdict for the tenant; and reported the case

for the determination of this court. The facts appear in the opinion.

*F. P. Goulding*, for the demandant.

*W. A. Williams*, for the tenant.

ENDICOTT, J. It appears from the report that Gilman P. Young was the owner of the demanded premises, and, in August 1875, being insolvent, conveyed them to one Abbott without consideration, and for the purpose of preventing his creditors from attaching them, and to enable Abbott to negotiate a loan upon them for the benefit of Young, from the proceeds of which Young might pay his debts. On December 3, 1875, the demandant brought an action against Young, and, while the record title stood in the name of Abbott, made a general attachment of Young's real estate in the county of Worcester; but the officer did not make the addition to his return required in the Gen. Sts. *c.* 123, § 55. On December 6 following, Abbott, by direction of Young, conveyed the demanded premises to the tenant. At that time, Young was indebted to the tenant in the sum of $1000. There was conflicting evidence touching the precise terms of the contract under which this last conveyance was made; and, among other questions propounded to the jury, questions as to the terms of that contract were submitted to them. The jury found specially that Young, with intent to defraud his creditors, conveyed the premises to Abbott, and caused Abbott to convey them to the tenant; but that the tenant had no knowledge, when he received his deed, that Young made conveyances, or caused them to be made with such intent. They also found that the consideration of the deed to the tenant was not to secure the tenant's debt, but to procure a loan of money to pay that debt and Young to receive the balance, both of them intending it as security to the tenant.

By these findings, it is established that the tenant did not participate in the fraudulent purpose of Young, and also that the deed to him was not a mere voluntary conveyance wholly without consideration. The deed was therefore not inoperative and void as against creditors, for the estate of the tenant cannot be defeated, unless he participated in the fraudulent intent of Young. *Foster* v. *Hall*, 12 Pick. 89. *Green* v. *Tanner*, 8 Met. 411.

Although the findings of the jury are not free from ambiguity, we think the fair construction of them is, that the conveyance to the tenant was in consideration of his debt of $1000 due from Young; and that any amount above that sum, which the tenant might raise upon the estate by sale or otherwise, should be paid to Young. As the tenant thus acquired title to the premises for a valuable consideration and in good faith, it cannot be defeated by levy of execution against Young, although Young caused the conveyance to be made to defraud his creditors, and may have an equitable interest in any balance over $1000 which the tenant might receive from the estate by sale or otherwise. Upon the facts and findings presented, the case does not fall within the provisions of the Gen. Sts. c. 103, § 1; c. 123, § 55; and if Young or the demandant has any remedy against the tenant to recover the balance received by him above $1000, it must be in some other form of proceeding than by writ of entry. *Snow* v. *Paine*, 114 Mass. 520. *Hinckley* v. *Phelps*, 2 Allen, 77. *Bancroft* v. *Curtis*, 108 Mass. 47.

The officer having made an attachment of the estate as the property of Young, and having made no addition to his return describing the estate and stating the name of the person in whom the record title stood at the time, as provided in the Gen. Sts. c. 123, § 55, the attachment was not valid against the tenant, who purchased the estate for a valuable consideration and in good faith. The verdict directed by the presiding judge must therefore stand.                     *Judgment on the verdict.*