NEWELL LYON, trustee, *vs.* GEORGE E. WALLACE & another.

Suffolk.    March 18, 1915. — May 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Fraud,* As against creditors. *Husband and Wife. Evidence,* Of fraudulent intent, Presumptions and burden of proof, Failure to testify. *Bankruptcy.*

At common law (under St. 13 Eliz. c. 5) and apart from statutory provisions a preference of one creditor by paying or securing an honest debt to him to the exclusion of others is not unlawful or voidable by or in behalf of the other creditors, if the sole object of the payment or transfer is to pay or secure the debt.

In a suit in equity by a trustee in bankruptcy to set aside a transfer by the bankrupt to his wife of certain shares of stock more than four months before the adjudication in bankruptcy, on the ground that the transfer was in fraud of creditors at common law, *it seems* that the plaintiff may be permitted to introduce in evidence, against the defendant's exception, the record of a writ of entry brought by certain creditors of the bankrupt in which it was found that a certain conveyance of land by the bankrupt to his wife within a few months of the present transaction was in fraud of creditors, because, although the plaintiffs in that action are strangers to the present plaintiff, the proof of the mutual fraudulent intent of the bankrupt and his wife at the time of the conveyance of the land is admissible as tending to show a general fraudulent purpose to put the property of the bankrupt out of the reach of his creditors.

In a suit in equity by a trustee in bankruptcy to set aside a transfer by the bankrupt to his wife of certain shares of stock more than four months before the adjudication in bankruptcy on the ground that the transfer was in fraud of creditors at common law, where a justice who heard the case found that the shares of stock were transferred to the bankrupt's wife in part payment of the amount of a legacy which her husband was bound to pay to her under a will of which he was the executor, that the bankrupt when he made the transfer knew that he was unable to meet the claims of his creditors as they became due, and that his wife "was aware of his intent to get the property where his creditors could not reach it," these findings do not establish any secret trust in relation to the property transferred to the bankrupt's wife in part payment of a legacy due to her, and the bill must be dismissed, because the plaintiff has failed to prove that the transfer was fraudulent against creditors at common law.

In the suit described above, the defendant, who was the wife of the bankrupt, did not testify in her own behalf and her husband was not called as a witness for

her, but the wife had testified about the subject matter in a previous action at law, of which the record was introduced in evidence, and a stenographic report of her testimony in that case was read at this trial, and it was *said*, that under these conditions the inferences to be drawn against the defendant on account of the failure of herself and her husband to testify at the present trial were reduced to a minimum.

RUGG, C. J. This is a suit brought by the trustee in bankruptcy of George E. Wallace, to reach and apply certain stocks alleged to have been transferred by him, more than four months before the adjudication, to his wife in fraud of creditors at common law or under the St. 13 Eliz. c. 5. The case was tried before a single justice * of this court. He found that the transfer was made by George E. Wallace while to his own knowledge unable to meet the claims of his creditors as they became due. There was evidence tending to show that at the time of these transactions there was due and unpaid to the wife a legacy of $10,000 under the will of the father of George E. Wallace, of which the latter was executor. This evidence was uncontradicted and appears from the finding of the single justice to have been assumed by him to be true. It seems to us that this must be taken to be the fact in deciding the case. The finding was that as to George E. Wallace "the conveyance was fraudulent." The finding then proceeds as follows: "The next question is whether the wife shared in that fraud. At that time the other two legatees were getting their money and she has sworn that she thought she would get hers. On the whole, with some hesitation and taking into consideration the fact that neither she has testified here, nor has called her husband to testify, I find against her on that proposition, and find that she was aware of his intent to get the property where his creditors could not reach it. I therefore find and rule that on those findings the conveyance was fraudulent as against creditors." The case comes before us on the exceptions of the wife to the effect that this finding is not supported by the evidence.

The first point to be determined is the precise meaning of this finding. That best can be ascertained by a recurrence to the governing principles of law touching conveyances and transfers in fraud of creditors.

---

* *Hammond,* J.

It is not a fraud at common law for a debtor who is in straightened circumstances to prefer one or more creditors, though such payment may render it impossible to pay anything to his other creditors. In the absence of any statute to the contrary, a debtor commits no fraud, (as was said by Chief Justice Bigelow in *Banfield* v. *Whipple*, 14 Allen, 13, at page 15,) "by appropriating his property to the satisfaction of one or more of his creditors to the exclusion of all others. Nor does it make any difference that both the creditor and debtor know that the effect of such appropriation will be to deprive other creditors of the power of reaching the debtor's property by legal process in satisfaction of their claims. If there is no secret trust agreed upon or understood between the debtor and creditor in favor of the former, but the sole object of a transfer of property is to pay or secure the payment of a debt, the transaction is a valid one at common law. The distinction is between a transfer of property made solely by way of preference of one creditor over others, which is legal, and a similar transfer made with a design to secure some benefit or advantage therefrom to the debtor, which is fraudulent and illegal." This rule is well settled and has been reaffirmed frequently. *Giddings* v. *Sears*, 115 Mass. 505. *Carr* v. *Briggs*, 156 Mass. 78. *Sawyer* v. *Levy*, 162 Mass. 190. *Cohen* v. *Levy, ante,* 336.

The finding of the single justice does not quite go to the extent of bringing the wife within this rule. It falls just short of the essential facts to entitle the plaintiff to a decree in his favor. The finding is not in substance or effect that there was a secret trust or hidden advantage to the debtor arising out of the transaction. Something more is necessary than a simple knowledge on the creditor's part that the debtor did not intend that his other creditors should be paid, or even that he intended to put his property where his other creditors could not reach it. Such knowledge by the creditor of the purpose of the debtor, provided it is accompanied by a real payment in good faith of an actual debt, is no fraud at common law. The creditor, notwithstanding, may hold the payment of his debt made under such circumstances, apart from statute. On the findings of the single justice the plaintiff is not entitled to a decree in his favor. Before he can recover, it would be necessary that the finding should go further

and establish that the transfer was not, as it purported to be, a simple payment of a real debt, but a transaction whereby some clandestine benefit was to accrue to the debtor.

The somewhat narrow finding of facts made by the single justice was warranted by the evidence. The crucial evidence upon which the finding concerning the wife was based was the transcript of testimony given by the wife upon the trial of another case where the issue of fraudulent conveyance between the husband and wife was involved, the record of the judgment in that cause and other documentary evidence, and the effect of the failure of both George E. Wallace and his wife to testify at this trial.

There was received in evidence against the exception of the defendant the record of a writ of entry in the Land Court, whereby it appeared that in an action by other creditors of George E. Wallace it had been found that a conveyance of certain land by him to his wife was in fraud of creditors. It was not the record of a case between the same parties. The plaintiffs there were strangers to the present plaintiff. But if the mutual intent of the husband and wife in making and receiving that conveyance were fraudulent, being within a few months of the transaction here under investigation, it had some tendency to establish a general fraudulent purpose to put the property of George E. Wallace out of the reach of his creditors, and was admissible on that ground. The defendants' exception to the admission of this evidence must be overruled. *Lynde* v. *McGregor*, 13 Allen, 172, 178. *Brownell* v. *Briggs*, 173 Mass. 529. *Commonwealth* v. *Farmer*, 218 Mass. 507, 512, 513.

No real doubt is thrown on the contention of the wife that there was due to her from an estate of which the husband was executor an unpaid legacy of $10,000, with its accrued interest. When other creditors began to press the husband and the possibility of a loss of fortune was imminent, it was not unnatural that this overdue legacy should be considered by him. While it would be difficult to obtain direct evidence of a secret trust reserved for the benefit of a husband out of the payment of a debt under such circumstances, — and its establishment commonly must rest upon inferences, — yet there hardly appears enough in this record to require a finding that the plaintiff has

sustained the burden of proof which rests upon him of establishing that there was a secret trust and benefit reserved to the husband at the time of the transfer to the defendant. The single circumstance that neither the husband nor the wife were called to testify is not enough. That is ofttimes a factor of weight. *Howe* v. *Howe*, 199 Mass. 598. But in the case at bar the wife had testified about the subject matter in another hearing and a stenographic report of it was read at this trial. Under these conditions the inferences to be drawn from failure to testify are reduced to a minimium. *Buckley* v. *Boston Elevated Railway*, 215 Mass. 50, 56. The circumstance that the transaction was between husband and wife does not prevent it from being genuine and free from fraud. *Briggs* v. *Sanford*, 219 Mass. 572. *Hutchins* v. *Mead*, 220 Mass. 348. The finding of the single justice, in the respect that it does not go beyond a knowledge on the part of the wife of the intent of the husband to get the property where his creditors could not reach it, and falls short of establishing a secret trust in the property transferred to her in part payment of a legacy due her, is supported by the evidence.

But the further ruling of law that the conveyance was fraudulent against creditors was not warranted by the facts found, for reasons which already have been stated and on the authorities already cited. The motion that the bill should be dismissed ought to have been granted. The defendants' exception, therefore, must be sustained.

The finding of fact made by the single justice covers the decisive issue between the parties, and the record is in condition to warrant a final disposition of the case. Hence a decree may be entered dismissing the bill. St. 1913, c. 716, § 2.

*So ordered.*

*H. Williams, Jr.,* (*E. E. Ginsburg* with him,) for the defendant Abbie W. Wallace.

*A. Lincoln,* (*E. O. Proctor* with him,) for the plaintiff.