# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

FRANCES M. SMITH, administratrix, *vs.* DAVID O. CLARK
& another.

Suffolk.    November 4, 1921. — June 27, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, CARROLL, &
JENNEY, JJ.

*Equity Jurisdiction*, To reach and apply property conveyed to hinder, delay or
defeat creditors.    *Trust*, Validity.

An insolvent debtor conveyed to his sister his interest in his father's estate, which
was of the approximate value of $10,000 and was substantially all he owned,
in consideration of $3,000 named in the deed as consideration and an oral
agreement that she would care for him and his minor children so long as he
needed and until they became of age and that she also would care for his
crippled daughter so long as there was any need.    About three years later a
creditor of the brother obtained a judgment against him.    In a suit in equity
commenced in the Superior Court nearly ten years after the conveyance to
reach in satisfaction of the judgment debt the property conveyed, the judge
found that the sister acted in good faith and that the consideration for the
deed had not been proved inadequate, and dismissed the bill.    The plaintiff
appealed.    *Held*, that
  (1) The undisclosed trust was voidable by the plaintiff;
  (2) The fact, that the judgment which the plaintiff sought to satisfy was
not entered until after the transfer which he sought to avoid, did not preclude
relief;
  (3) It must be presumed that the grantor intended the probable consequences
of his own acts, which tended directly to hinder and defraud his creditors;
  (4) It was unnecessary that any moral turpitude be shown;
  (5) The finding of the trial judge that inadequacy of consideration had not
been proven was not plainly wrong;

(6) The money and the promise in the circumstances could not be so separated as to make either the agreement or the money the sole consideration;

(7) The plaintiff was entitled to recover and apply in satisfaction of his judgment only so much of the property as might be found to be in excess of $3,000, on which interest might be computed from the date of the filing of the bill to the date of the entering of the decree, if upon further proceedings in the Superior Court it was found that such action was just and equitable;

(8) The decree dismissing the bill must be reversed.

BILL IN EQUITY, filed in the Superior Court on March 19, 1919, and afterwards amended, against David O. Clark, Benjamin A. Robinson and Helen C. Nye to reach and apply in satisfaction of a judgment amounting to $6,043.11, obtained against the defendant David O. Clark on July 22, 1912, property, consisting of his interest in his father's estate, conveyed by him when insolvent to the defendant Helen C. Nye by an assignment dated and recorded on October 12, 1909.

The bill was taken *pro confesso* as to the defendant David O. Clark.

In the Superior Court the suit was heard by *McLaughlin,* J., upon agreed facts which are described in the opinion. The plaintiff filed the following requests for rulings:

"1. On all the evidence the plaintiff is entitled to prevail.

"2. If the defendant Clark, while insolvent, conveyed to his sister the defendant Helen C. Nye, for an inadequate consideration, all, or substantially all, of his property, and if the said Helen C. Nye knew that said David O. Clark was in debt and that all, or substantially all, of said Clark's property was conveyed to her, the plaintiff is entitled to prevail.

"3. If the defendant Clark, while insolvent, conveyed to his sister the defendant Helen C. Nye, for an inadequate consideration, all, or substantially all, of his property, and if the said Helen C. Nye knew that said Clark was in debt and knew in general the nature and extent of said Clark's property, the plaintiff is entitled to prevail.

"4. If the defendant Clark, while insolvent, conveyed to his sister the defendant Helen C. Nye for an inadequate consideration, all, or substantially all, of his property, and if the said Helen C. Nye knew that said Clark was in debt and that all, or substantially all, of said Clark's property was conveyed to her, and knew that, at the time of the conveyance said Clark was insolvent, or that

he was rendered insolvent by said conveyance, the plaintiff is entitled to prevail.

"5. The consideration paid by the defendant Helen C. Nye to the defendant David O. Clark for the assignment of said Clark's interest in his father's estate was inadequate.

"6. The assignment from David O. Clark to his sister Helen C. Nye was an express trust.

"7. To have the statute of limitations or laches operate as a bar to the plaintiff's suit, the defendant Helen C. Nye must produce evidence of a repudiation of the trust by her.

"8. The statute of limitations is not a defence to the plaintiff's suit.

"9. Laches is not a defence to the plaintiff's suit."

The judge filed a memorandum of findings among which were the following:

"One important circumstance is the amount and nature of the consideration for the transfer and whether it was inadequate and so plainly inadequate as to indicate fraud. The interest assigned was that of David O. Clark in the estate of his deceased father Cyrus T. Clark. The assignment was made on October 12, 1909, and in the lifetime of the widow of Cyrus. By his will, after a specific legacy to his wife, Cyrus left all the residue of his estate in trust, one third of the income to be paid to his widow, and such portion of the remaining two thirds to be used and expended by the trustees as they might deem necessary and proper for the support, maintenance and education of such of the testator's children as might survive him; with the further direction that the trustees pay to each of his sons when they should arrive at the age of twenty-five years and to his daughters when they should arrive at the age of twenty-one years the sum of three thousand dollars. These amounts were paid, I assume, long before any of the transactions which are involved in this suit.

"On the death of his wife the trustees were directed to pay over to such of the testator's sons as should have attained the age of twenty-five years an equal portion of the trust property then remaining. If a daughter or daughters survived his widow the trustees were to set apart an equal portion for each and hold said shares for their respective lives, paying them the income as it accrued therefrom. The trustees therefore were to hold the

entire estate and administer the trusts for both the sons and the daughters as long as the testator's widow was living, and after paying the income of one third to her they were to expend the income from the other two thirds of the estate as they deemed proper for the support, maintenance and education of the children; i.e., while the widow lived the trustees were not required to divide the income from the two thirds equally among the children but were to expend it for the support, maintenance and education of all the children as they, the trustees, deemed necessary and proper.

"The widow was living in 1909 when the assignment was made and died in 1918. Mrs. Nye, therefore, on purchasing her brother's interest in their father's estate and in consequence thereof became entitled during her mother's life, so far as her benefit under the assignment was concerned, merely to so much of the income of two thirds of the estate as the trustees might deem necessary and proper for the support, maintenance and education of the assignor, an amount which was largely discretionary with the trustees, and which necessarily must have been uncertain nor was she entitled to receive her brother's share of the principal until her mother's death. While David's interest consisted of one third of his father's estate, the total of which now appears to have been worth $32,868 at the time of the assignment, in determining the adequacy of consideration as of that date, due weight must be given to the fact that the transfer to the purchaser of the assignor's share in the principal must be delayed until the widow's death and that in the meantime the amount of the income payable on the assignor's account, was largely in the discretion of the trustees and necessarily uncertain. Consideration, too, must be given to the fact that the actual value of the estate of Cyrus, as appears from the statement of facts, could not be determined until the death of Hannah, his widow. It would seem evident that were a stranger negotiating for the purchase of David's interest, both seller and buyer in fixing upon an adequate price would be greatly influenced by these considerations and that the fair market value of such an interest must necessarily be far less than one third of the then total cash value of the whole estate if viewed independently of the restrictions created by the trusts.

"In addition to the payment of the three thousand dollars,

Mrs. Nye promised to contribute to the support of the assignor and his children, and this promise in itself constituted a valuable consideration. . . . The promise in the case at bar was accompanied by the payment of a substantial pecuniary consideration, and the plaintiff was not a prior creditor, the judgment or decree which she seeks to have satisfied not having been entered until July 22, 1912, nearly three years after the date of the assignment.

"As bearing upon the good faith of Mrs. Nye it should be noted in this connection that after the assignment was made she cared, to a limited extent at least, for one of David's daughters until her marriage and that she has contributed to the care of his crippled daughter to the present time.

"Upon the facts stated I am not satisfied that the consideration was inadequate or if inadequate that it indicates fraud.

"The financial condition of David O. Clark at the time of the assignment, as known to the defendant, is another circumstance to be considered. He was then heavily in debt and insolvent, and his interest in his father's estate constituted practically all his property. While it appears that the defendant Nye knew the nature and extent of her brother's estate and that he was in debt, she did not know the extent of his indebtedness, nor that he was heavily in debt and insolvent, nor did she know of those acts of his which led to the decree until after the assignment and until that suit was brought, nor until then had she any knowledge of the trust out of which the proceedings arose which ripened into judgment.

"Upon all the facts in the case and the reasonable inferences to be drawn therefrom I am not satisfied that the defendant intended to defraud her brother's creditors, but on the contrary believe that she acquired her interest in her father's estate in good faith, for an adequate consideration, and without concealment, and that the conveyance should stand.

"The plaintiff's first six requests for rulings are refused and the eighth and ninth are given. A decree should be entered dismissing the bill as to the defendant Nye with costs. If the plaintiff desires that a decree may be entered against the defendant Clark the parties will be heard upon the form of it. By agreement of parties the bill is to be dismissed as to the defendant Robinson, without prejudice and without costs."

By order of the judge a final decree was entered dismissing the bill as to the defendant Helen C. Nye, with costs, and as to the defendant Benjamin A. Robinson, without prejudice and without costs. The plaintiff appealed.

The case was argued at the bar in November, 1921, before *Rugg,* C. J., *Braley, Crosby, Carroll,* & *Jenney,* JJ., and afterwards was submitted on briefs to all the Justices except *Pierce,* J.

*H. P. L. Partridge,* for the plaintiff.

*E. L. Curtiss,* for the defendant Helen C. Nye.

BRALEY, J. The defendant Clark, against whom the plaintiff has recovered a judgment which remains unsatisfied, while heavily in debt and insolvent, conveyed to his sister, the defendant Nye, his interest in the estate of their father Cyrus T. Clark, who died testate. The plaintiff contends that this conveyance, having been made in fraud of creditors, should be set aside and the property, or so much thereof as may be necessary, applied in satisfaction of the judgment. R. L. c. 159, § 3, cl. 8. *Billings* v. *Mann,* 156 Mass. 203.

The only consideration named in the deed, which was recorded in the registry on the day of its date, was "three thousand dollars;" but at the same time, although not expressed or referred to in the instrument, the grantee undertook and orally promised "to see that David O. Clark" the grantor "and his minor children were cared for so long as he needed it and until they became of age, and an agreement that I was to see that his crippled daughter was cared for so long as there was any need; my share to make up whatever was needed after other payments had been made." · If the necessary effect of the whole transaction was to place the property which was "all, or substantially all," he owned beyond the reach of his creditors while concurrently securing an advantage for himself, the record presents such a case of an undisclosed trust as is voidable by the plaintiff even if he recovered judgment after the date of the transfer. *Rice* v. *Cunningham,* 116 Mass. 466, 470. *Woodbury* v. *Sparrell Print,* 187 Mass. 426. It must be presumed that the grantor intended the probable consequences of his own acts, and a conveyance, even if in part founded on a valuable consideration but which in fact, as found by the trial judge, also rested on a secret reservation for his benefit, tended directly to hinder and defraud his creditors. *Widgery* v. *Haskell,*

5 Mass. 144, 152. *Oriental Bank* v. *Haskins*, 3 Met. 332, 337, 338. It is true that the intention to hinder, delay and defraud creditors is generally a question of fact. *Bailey* v. *Wood*, 211 Mass. 37, 44, 45. See *Deshon* v. *Wood*, 148 Mass. 132. "But such facts as appear in this case are *prima facie* evidence of the intent, which, uncontrolled, call for a legal inference that the intent exists." *Matthews* v. *Thompson*, 186 Mass. 14, 23. It is unnecessary that any moral turpitude should be shown. *Parkman* v. *Welch*, 19 Pick. 231, 235. *Rolfe* v. *Clarke*, 224 Mass. 407. *Beck* v. *Burdett*, 1 Paige, 305.

The property is represented as having an approximate value of $10,000. We are not however satisfied that the findings of the trial judge, that under all the conditions of the grantor's title inadequacy of consideration had not been proved, were plainly wrong. While the agreement for future support can by analysis be considered as distinct from the consideration named in the deed, the defendant's own statement, as shown by the record, is that the agreement for support as well as the money paid constituted the actual consideration moving between the parties. *Kennedy* v. *Welch*, 196 Mass. 592, 595. Even if the amount named in the deed is treated as the sole consideration, the undisclosed trust created by the insolvent for his own benefit, the effect of which was to withdraw assets from the reach of his creditors, must stand in full force and effect. The money and the promise under such circumstances cannot be so separated as to make either the agreement or the money the sole consideration. A part of the consideration however having been paid in money, the amount of which is certain, and the defendant having been found to have acted in good faith, the plaintiff is entitled to recover and apply in satisfaction of his judgment only so much of the property as may be found to be in excess of $3,000, on which interest may be computed from the date of filing the bill to the date of entering the decree, if upon further proceedings it is found that such action is just and equitable. *Holland* v. *Cruft*, 20 Pick. 321, 337. *In re Johnson*, 20 Ch. D. 389; affirmed on appeal in *Golden* v. *Gillam*, 51 L. J. (N. S.) Ch. 503. *Clements* v. *Moore*, 6 Wall. 299, 312. *Farlin* v. *Sook*, 30 Kans. 401. *Boyd* v. *Dunlap*, 1 Johns. Ch. 478. *Robinson* v. *Stewart*, 10 N. Y. 189. *Muirheid* v. *Smith*, 8 Stew. 303. See *Sidensparker*

v. *Sidensparker,* 52 Maine, 481, 491; *Ellis* v. *Sullivan,* 241 Mass. 60.

The decree dismissing the bill, therefore, must be reversed and a decree with costs is to be entered in accordance with the opinion, the details of which are to be settled in the trial court.

*Ordered accordingly.*