MABEL F. HARRIS, executrix, *vs.* MILTON F. FLYNN, & others.

Norfolk.   April 1, 1930. — June 10, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Equity Jurisdiction*, To set aside conveyance in fraud of creditors. *Mortgage*, Of real estate: validity.

In a suit in equity by the executor of the will of a creditor of two aged women, who had neither business experience nor independent means, to have set aside alleged fraudulent conveyances of real estate by the women to a man and by the man to two mortgagees and to have the property applied toward the payment of the plaintiff's debt in priority to certain mortgages held by such mortgagees, it appeared that the conveyance by the women to the man was pursuant to a plan to refinance mortgage indebtedness upon the premises and to obtain money with which to pay debts of the women other than that owed to the

plaintiff. The conveyance to the man was insisted on because the mortgagees were unwilling to make further loans with the women as mortgagors, and was made without conscious intent or motive to defraud the plaintiff; but upon an oral trust for the women's benefit. The indebtedness to the plaintiff's testator had arisen more than two years before the mortgagees had any knowledge of the property or of the parties. Thereafter they learned of the operating expenses of the property and knew in a general way of the financial condition of the owners. A judge who heard the suit found that the natural results of this conveyance were such as to import an intent in law, on the part of the grantors and the grantee, to delay, hinder and defraud the plaintiff's testator in the enforcement of his claim against the grantors; that the mortgages were given "not only for a good and valuable but for an adequate consideration"; and that neither of the mortgagees at the time of the conveyance by the women had either actual or constructive knowledge of the plaintiff's testator's claim against the grantors; and a final decree was entered establishing the plaintiff's debt and giving the plaintiff leave to reach the interest of the debtors in the property to the satisfaction thereof, but dismissing the bill as to the mortgagees. The evidence was not reported. The plaintiff appealed. *Held*, that

(1) The finding of the judge that the mortgagees had neither actual nor constructive knowledge of the claim of the plaintiff's testator was not clearly wrong and must stand;

(2) The decree was right.

BILL IN EQUITY, filed in the Superior Court on May 3, 1929, and described in the opinion.

The suit was heard by *Macleod, J.* The evidence was not reported. Material facts found by the judge and the final decree entered by his order are described in the opinion. The plaintiff appealed.

*E. E. Clark*, for the plaintiff.

*J. Nelson*, (*S. L. Silverman* with him,) for the defendants.

CROSBY, J. This is a bill in equity by the plaintiff as executrix of the will of Isaac Harris, a creditor of Milton F. Flynn, Lillie G. Torrey and Mary E. Flynn, to set aside an alleged fraudulent conveyance of real estate, and to apply the property toward the payment of the plaintiff's debt in priority to certain mortgages held by some of the defendants. The bill, in substance, alleges that the defendants Torrey, Mary E. Flynn and Milton F. Flynn were indebted to the plaintiff's testator, hereinafter referred to as the plaintiff; that Torrey and Mary E. Flynn by their agent, Milton F. Flynn, promised,

both before and after the execution of a note for $15,000 representing their indebtedness to the plaintiff, to execute and deliver to the plaintiff, as security for payment of the note, a mortgage of real estate owned by them; that after the execution of the note Torrey and Mary E. Flynn increased the amount of a first mortgage on the property from $80,000 to $95,000, and placed thereon five subsequent mortgages, making a total mortgage indebtedness of $144,-240.56; that, in pursuance of a scheme to defraud the plaintiff, Torrey and Mary E. Flynn conveyed the property without consideration to Milton F. Flynn, the said conveyance thereby rendering the grantors insolvent; that subsequently all the mortgages except the first were discharged, and mortgages amounting to $125,000 were given the defendants Smith and Israel M. and Louis Levin for grossly inadequate or no consideration, and that said mortgagees had knowledge of the above facts or in the exercise of good faith and diligence would have had such knowledge.

The case was heard by a judge of the Superior Court who made certain findings and ordered the bill dismissed as to the Levins and Smith, and found that there was due to the plaintiff from Torrey and the estate of Mary E. Flynn the sum of $15,000 with interest, and from Milton F. Flynn the sum of $2,000 with interest. The decree also gave leave to the plaintiff to apply to have the interests of Torrey and the Flynns in the property sold and the proceeds applied to the payment of the indebtedness owed to the plaintiff. The case is before this court on the plaintiff's appeal from the final decree. The evidence is not reported.

The trial judge found that the real estate in question before May 4, 1926, was owned by Lillie G. Torrey and Mary E. Flynn, the latter's interest being a life estate with the remainder over to Milton F. Flynn. In consideration of loans made by the plaintiff's testator to the owners to finance the cost of erecting a theater on the land, the plaintiff was given an unsecured note for $15,000 dated October 15, 1916. Although there was some discussion between the plaintiff and Milton F. Flynn with respect to securing this note by a mortgage, no written agreement to

execute such a mortgage was ever made by the owners, nor does it appear that any such promise was even made orally. A loan also was made by the plaintiff's testator to Milton F. Flynn upon which there is now due a balance of $2,000 with interest.

To obtain necessary funds for alterations and additions to the property, the first mortgage, held by a savings bank, was increased from $15,000 to $95,000, and successive loans by the Levins increased their mortgage to $40,000. During this period the income from the property was insufficient to meet operating expenses and fixed charges and the deficit had to be met by the proceeds of the mortgage loans. The time for payment of the Levin's mortgage of $40,000 expired, and further capital was required by the owners. To provide funds a plan was devised and carried out by all the defendants by means of which the money needed was made available. In pursuance of this plan, on May 4, 1926, Torrey and Mary E. Flynn conveyed the property, without consideration, to Milton F. Flynn, who in August, 1926, executed mortgages to Smith and the Levins, all the instruments being recorded on August 31, 1926. As previously arranged, Smith took over the management and control of the property. The proceeds of the mortgages were used to discharge all outstanding mortgages, except that held by the savings bank, all liens and encumbrances, and certain notes of Torrey and Smith.

Respecting the conveyance to Milton F. Flynn, the trial judge found "that this conveyance was made without consideration; that the grantors had no substantial assets other than the property in question; that the grantee took the property upon an oral trust to hold it for the beneficial use of the grantors; that the conveyance was made at the instance of the Levins and without conscious intent or motive to defraud the plaintiff ['s testator]; but that the natural results of this conveyance were such as to import an intent in law, on the part of the grantors and the grantee, to delay, hinder and defraud the plaintiff ['s testator] in the enforcement of his claim against the grantors." At the time of this conveyance "all the defendants knew that the

grantee took the property upon an oral trust to hold it for the beneficial use of the grantors; and that the grantors had no substantial assets other than the property in question." The judge found that the reason why the Levins desired the conveyance to Milton F. Flynn was that they were unwilling to make any further loans so long as the property remained in the ownership and control of "two aged ladies who had neither business experience nor independent means"; that under the arrangements entered into the mortgagees obtained the personal liability of Milton F. Flynn on the mortgage notes; that the mortgages executed by Milton F. Flynn in favor of the Levins could not have been obtained upon more advantageous terms, and were not given under any oral trust in favor of the mortgagor. The judge further found that each of the mortgages was given "not only for a good and valuable but for an adequate consideration."

As to the knowledge of the mortgagees the judge found as follows: "Upon all the facts, I find that, when the property was conveyed by Torrey and . . . [Flynn], neither of the defendants Levin nor the defendant Smith had either actual or constructive knowledge of the plaintiff's [testator's] claim against the grantors. No issue arises with respect to their knowledge of other indebtedness of the grantors since, so far as appears from the evidence, provision was made, as a part of the arrangement under which the property was conveyed, for the payment of all debts of the grantors except their obligation on the plaintiff's note of $15,000." It is the contention of the plaintiff that the defendant mortgagees had constructive knowledge of the claim of the plaintiff's testator and, having participated in a transaction involving a fraudulent conveyance, their rights under their mortgages should be postponed until the discharge of the debts owing to the plaintiff's testator. The finding that Smith and the Levins had neither actual nor constructive knowledge of the claim of the plaintiff's testator must stand unless plainly wrong. *Thayer* v. *Atwood*, 259 Mass. 523. *R. E. McDonald Co.* v. *Finkovitch*, 270 Mass. 362, 366.

The original loans by the plaintiff's testator were made more than two years before the Levins had any knowledge of the property or of the parties. Thereafter they learned of the operating expenses of the property and knew in a general way of the financial condition of the owners. Smith had a similar or less complete knowledge of conditions. This was the full extent of the knowledge of the mortgagees. It cannot be said that this evidence is such as to render the finding clearly erroneous.

The conveyance to Milton F. Flynn of substantially all the property of Torrey and Mary E. Flynn, without consideration, and on an oral trust for the benefit of the grantors was plainly a fraudulent conveyance as against creditors. *Matthews* v. *Thompson,* 186 Mass. 14. *Lyon* v. *Wallace,* 221 Mass. 351. *Rolfe* v. *Clarke,* 224 Mass. 407. *Smith* v. *Clark,* 242 Mass. 1. St. 1924, c. 147. It is not of importance in determining the legal effect of this conveyance that it was made without conscious intent or motive to defraud the plaintiff. *Matthews* v. *Thompson; supra. Illinois Watch Case Co.* v. *Cowan-Myers Co.* 250 Mass. 347. St. 1924, c. 147, § 1. (G. L. c. 109A, § 4.) But the conveyance was voidable and not void. *Boyd* v. *Brown,* 17 Pick. 453, 460. *Oriental Bank* v. *Haskins,* 3 Met. 332.

It was within the power of the grantee to convey an interest in the property valid against creditors to third persons who gave valuable consideration and did not participate in the fraudulent purpose of the grantors. *Hubbell* v. *Currier,* 10 Allen, 333. *Green* v. *Tanner,* 8 Met. 411. *Morse* v. *Aldrich,* 130 Mass. 578. *Mansfield* v. *Dyer,* 131 Mass. 200. The title of the defendants Smith and the Levins cannot be defeated unless they participated in a fraudulent intent of the grantors. *Morse* v. *Aldrich, supra.* "A mortgage to secure a genuine liability is invalid only if the mortgagee knew of and participated in a fraudulent purpose of the mortgagor." *Samuels* v. *Charles E. Fogg Co.* 258 Mass. 402, 406–407. Upon consideration of all the facts in the case at bar, it is apparent that the defendant mortgagees were not connected in such a way with the fraudulent conveyance to Milton F. Flynn as to

invalidate their mortgages. The defendants Torrey and Mary E. Flynn had no actual intent to delay, hinder or defraud creditors. Their purpose in transferring their property was to place it under the control and management of a person having the business experience necessary to finance its operation. As a part of the plan adopted all the creditors of the grantors were paid except the first mortgagees, and the plaintiff's testator, who for a period of more than ten years failed to take steps to secure his claim by attachment or otherwise. The defendant mortgagees had no knowledge of the claim of the plaintiff's testator before they received their original mortgages. The present mortgages were given for a valuable and adequate consideration, the proceeds of which were used to discharge valid subsisting mortgages, liens and encumbrances, and other debts of the grantors. If the mortgages had been made to the Levins and Smith by Torrey and Mary E. Flynn before the conveyance, the plaintiff would not have been in a position to object. *Lyon* v. *Wallace, supra. Cohen* v. *Levy,* 221 Mass. 336. "If the creditor merely obtains what is due him, there cannot be said to be fraud in the transaction." *Samuels* v. *Charles E. Fogg Co.* 258 Mass. 402, 406. We need not decide to what extent subsequent mortgagees of property fraudulently conveyed may participate in the operation without being held responsible for the consequences; it is sufficient to say that the facts here disclosed are not such as to require that the mortgages be set aside, or made subject to the plaintiff's claim. *Gurney* v. *Tenney,* 226 Mass. 277. *Samuels* v. *Charles E. Fogg Co. supra. Banca Italiana Di Sconto* v. *Bailey,* 260 Mass. 151.

The case of *Hutchins* v. *Nickerson,* 212 Mass. 118, relied on by the plaintiff, is distinguishable in its facts. The issue in that case was as to the sufficiency of the allegations of the bill. There were averments of a specific intent to defraud, hinder and delay creditors, guilty knowledge of the facts, and participation in a design with the purpose of profiting out of property which ought in equity and good conscience to have gone toward the payment

of creditors.   Nothing decided in that case is inconsistent with the conclusion here reached.

The final decree is to be modified by inserting after the figures "$2,881.37" the following: "The several sums declared to be due from the defendants respectively as above decreed shall be paid by them."   As so modified the decree is affirmed.

*Ordered accordingly.*