JOSEPH BARISHEFSKY *vs.* JACOB COHEN & others.

Bristol.    October 25, 1937. — February 2, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Fraudulent Conveyance. Uniform Fraudulent Conveyance Law. Bona Fide Purchaser. Pledge. Bills and Notes*, Renewal. *Contract*, Implied.

One who surrendered an unsecured note and in good faith received a renewal note with an assignment of stock as security not of a value disproportionately large as compared with the amount of the note was an innocent purchaser for fair consideration under § 3 (b) of G. L. (Ter. Ed.) c. 109A, and under § 9 could hold the stock as security

---

\* Compare *Commonwealth* v. *Nichols*, 301 Mass. 584, reversed by *Schneider* v. *State*, 308 U. S. 147, 156, 165. — REPORTER.

notwithstanding the fact that at the time of the assignment the assignor was insolvent and made it with intent to hinder, defeat and defraud his other creditors.

The mere acceptance of a new note discharging a previous note secured by a pledge did not as a matter of law discharge the pledge although there was no express agreement that it should continue as security for the new note; and the circumstances, including the payee's retention of possession of the property pledged, warranted a finding of an implied agreement that the new note should be secured by the pledge.

BILL IN EQUITY, filed in the Superior Court on May 4, 1936, and afterwards amended.

A master's report was confirmed and a final decree was entered by order of *Dowd,* J.   The defendant Anna Lassow appealed.

*B. Kestenbaum,* for the defendant Anna Lassow.

*S. Rosenberg,* for the plaintiff.

QUA, J.   This is a suit in equity to establish the indebtedness of the defendants Jacob Cohen and Ida Cohen to the plaintiff and to reach and apply in payment thereof stock in the defendant corporation owned by Jacob Cohen and now alleged to have come through fraudulent transfers into the hands of the defendant Anna Lassow.   Upon this appeal by Lassow alone the question is whether she can hold as against the plaintiff the Jacob Cohen stock which was assigned to her on April 2, 1936.

Pertinent findings of the master are these: Jacob Cohen had borrowed sums aggregating $2,000 from Lassow and had given her his unsecured note therefor, which had been renewed annually.   The particular note which was outstanding on April 2, 1936, when the assignment of stock was made, was surrendered and a new note was then given maturing June 30 of that year.   The assignment of stock secured the new note.   On June 30 six months' interest was paid, and again a new note was given to Lassow for the $2,000 payable in one year.   She retained the stock certificates.   The last mentioned note is still outstanding.   "There was no agreement that the assignment should secure any future or other obligation than the then existing note."   "This note was paid and extinguished by the giving of the present outstanding note on June 30, 1936."   The master expressly

leaves to the court the question whether the assignment constituted a continuing security "without an agreement to that effect." He also finds that at the time of the assignment Jacob Cohen was insolvent and that he made the assignment to Lassow with the intention of keeping the stock from the reach of his other creditors, but Lassow received the assignment in good faith as security for the note and was "an innocent holder in due course of the note and of the assigned collateral."

Upon these findings Lassow gave "Fair consideration" for the stock within the meaning of those words as defined in the uniform fraudulent conveyance law, G. L. (Ter. Ed.) c. 109A, § 3 (b). By the terms of that section an antecedent debt constitutes consideration, and there is no suggestion that the amount owed to Lassow by Jacob Cohen was disproportionately small as compared with the value of the stock. As an innocent purchaser for fair consideration, Lassow, when she received the stock, was entitled to hold it as against the plaintiff under the provisions of § 9, notwithstanding the insolvency and the fraudulent intent of her grantor. The law protected the innocent purchaser before' as it has since the adoption of the uniform act. *Morse v. Aldrich*, 130 Mass. 578. *Cohen* v. *Levy*, 221 Mass. 336, 338, 339. *Samuels* v. *Charles E. Fogg Co.* 258 Mass. 402, 406. *Harris* v. *Flynn*, 272 Mass. 8, 13. *Merchants Discount Co.* v. *Esther Abelson, Inc.* 297 Mass. 517, 520. A mere preference is not a fraudulent conveyance. *Lyon* v. *Wallace*, 221 Mass. 351, 353. In none of the cases cited by the plaintiff was the grantee an innocent purchaser for fair consideration.

We are of the opinion that Lassow did not lose her right to hold the stock as security when she accepted the last note for the $2,000 which Jacob Cohen owed her in place of the note which she took with the assignment. From a literal reading of one or two sentences in the master's report apart from the report as a whole it might seem that the parties intended to limit the collateral security of the stock to the particular note which was given at the time of the

assignment. But there are no findings of conversations or circumstances such as would be expected to give color to that construction of the report. The master plainly discloses the common situation of a continuing debt evidenced by notes which were renewed at stated intervals. Before the renewal which resulted in the present note the defendant Lassow had answered in this suit claiming a right to hold the stock.* She continued in possession of the stock after the renewal. She would not be likely to intend an abandonment of her claim upon the security while the need for it still existed and while she still held it and was engaged in defending her right to hold it in litigation. The decisions recognize that parties do not commonly intend to release the collateral when they give and accept a renewal note. *Cotton* v. *Atlas National Bank,* 145 Mass. 43, 45. *Paddock & Fowler Co.* v. *Simmons,* 186 Mass. 152, 153. *Stebbins* v. *North Adams Trust Co.* 243 Mass. 69, 73, 74. *Rosenberg* v. *Robbins,* 289 Mass. 402, 410. *Anderson* v. *Home National Bank of Brockton,* 290 Mass. 40, 44. We think that the master meant only that there was no agreement at the time of the assignment that the stock should secure a subsequent renewal of the note, and that it is still open to us to infer that when the note was in fact renewed without actual payment of the debt and with no surrender of the certificates, Lassow retained the stock upon a new implied understanding that it should still remain as security. Circumstances supporting this inference are so strong that we think the inference should be drawn.

Although the suit, in so far as it is based upon a fraudulent conveyance, fails as against the defendant Lassow, nevertheless the amended bill and the findings seem adequate to permit the plaintiff to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (8), such interest as his debtor Jacob Cohen has in the pledged stock. Therefore paragraphs 3, 5 and 7

---

* An amendment to the bill which for the first time made Anna Lassow a party defendant was allowed on May 11, 1936. Her answer was filed on June 16, 1936. As stated above, the new note in question was given on June 30, 1936. — REPORTER.

of the final decree* should be so modified as to afford to the defendant Lassow full and complete protection to her prior rights in the stock as security for the debt of Jacob Cohen to her, providing for the sale only of such rights as Jacob Cohen has therein, and as so modified the decree is to be affirmed with costs of this appeal to the defendant Lassow.

*Ordered accordingly.*