IN THE MATTER OF THE ANNEXATION OF CERTAIN TERRITORY TO THE CITY OF PRINCETON, INDIANA, ALTA FERN NORRICK, ET AL. *v.* COMMON COUNCIL OF THE CITY OF PRINCETON, INDIANA, CHARLES E. PHILLIPS, PAUL PARKER, J. P. GRABLE, CARL HARBISON, BOB WHITTED, MEMBERS OF THE COMMON COUNCIL OF THE CITY OF PRINCETON, INDIANA, WALTER E. VINSON, MAYOR OF THE CITY OF PRINCETON, INDIANA, GENEIVE BRINES, CLERK TREASURER OF THE CITY OF PRINCETON, INDIANA.

[No. 1-275A37. Filed January 22, 1976.]

*James G. McDonald, Jr., Charles R. Nixon, McDonald, McDonald & Nixon*, of Princeton, for appellants.

*Robert J. Fair, Jerry D. Stilwell, Fair, Stilwell & Palmer*, of Princeton, for appellees.

LYBROOK, J.—Plaintiffs-appellants Norrick *et al.* appeal from the dismissal of their remonstrance from an annexation ordinance approved by defendants-appellees Common Council of the City of Princeton, Indiana, *et al.*, presenting one issue for review:

> Whether in determining the assessed valuation of real estate in a territory sought to be annexed for purposes of determining standing to remonstrate, the value of real estate exempt from taxation should be included.

For the most part the facts pertinent to this issue are undisputed. The record reveals that on November 12, 1973, a tract of land containing approximately 281 acres was, by special ordinance pursuant to IC 1971, 18-5-10-20 (Burns Code Ed.), annexed to the City of Princeton. On January 22, 1974, plaintiffs filed a remonstrance to the annexation alleging *inter alia* that they were owners of more than 75% in assessed valuation of the real estate in the territory sought to be annexed. They therefore sought to have the annexation vacated for various reasons, none of which are relevant to the instant appeal.

At trial, it was revealed that the total assessed valuation of the real estate in the territory annexed was $1,976,710.00,

75% of which is $1,482,532.50. The remonstrators herein owned real estate the assessed valuation of which totalled $111,340.00. Thus, it appears that plaintiffs have fallen far short of the requirement of IC 1971, 18-5-10-24 (Burns Code Ed.) which sets forth the factors to be considered in determining standing to remonstrate:

> "18-5-10-24 [48-721]. *Remonstrance against annexation— Procedure for filing.*—Whenever territory is annexed to a city, whether by general ordinance defining the city boundaries or by special ordinance for the purpose of annexing territory, *an appeal may be taken from the annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five per cent [75%] in assessed valuation of the real estate in the territory, . . .*" (Emphasis added.)

Since the plaintiffs comprise only 22 of the 64 landowners in the territory annexed, the only basis for standing to remonstrate is the 75% test above noted. In order to support their contention that they do own more than 75% in assessed valuation of the real estate in the territory, plaintiffs point out that included in the territory is certain real estate which is exempt from taxation. Plaintiffs argue that if the assessed valuation of the real estate was to exclude from consideration the tax exempt real estate they then would own more than 75% and would qualify as remonstrators under IC 1971, 18-5-10-24, *supra.*

The particular parcels to which plaintiffs refer are (1) the real estate owned by the North Gibson School Corporation which has an assessed value of $1,807,390.00 and (2) the real estate owned by the Gibson County Agricultural and Horticultural Association which has an assessed value of $22,120.00.

Mathematically, the problem may be shown as follows:

(A) Total Assessed Value of Real Estate sought to be annexed _____$1,976,710.00

(B) Assessed Value of Tax Exempt Realty owned by North Gibson School Corp.*__ 1,807,390.00

| | | |
|---|---|---|
| (C) | Difference [(A)-(B)] _____ | 169,320.00 |
| (D) | Assessed Value of Tax Exempt Realty owned by Gibson County and City of Princeton *_____ | 22,120.00 |
| (E) | Difference [(C)-(D)] _____ | $ 147,200.00 |
| (F) | 75% of (E) _____ | 110,400.00 |
| (G) | Assessed Value of Real Estate Owned by Plaintiffs-Appellants *_____ | $ 111,340.00 |

* The realty referred to is in the territory sought to be annexed.

Thus, if plaintiffs' argument concerning the propriety of excluding from consideration the assessed value of tax exempt real estate in the area sought to be annexed is correct, it is clear that plaintiffs have standing to remonstrate under the 75% test of IC 1971, 18-5-10-24, *supra.*

Determination of whether to include or exclude tax exempt realty from consideration in ascertaining standing to remonstrate from annexation necessitates statutory inspection and construction. The operative portion of IC 1971, 18-5-10-24, *supra,* for purposes of this appeal reads:

". . . an appeal may be taken from the annexation . . . by the owners of more than seventy-five per cent [75%] *in assessed valuation of real estate* in the territory, . . ." (Emphasis supplied).

Thus, the question is whether "assessed valuation of real estate" includes the assessed valuation of tax exempt realty. In IC 1971, 6-1-20-10 (Burns Code Ed.), the only definition in the statutes of "assessed valuation" is given:

"When used in this act [6-1-20-1—6-1-39-13], the terms 'assessed value' or 'assessed valuation' mean an amount equal to thirty-three and one-third per cent [33 1/3%] of the true cash value of property."

Note that this definition refers to the cash value of property, not the cash value of taxable (as opposed to tax exempt) property.

Further insight may be gained from inspection of IC 1971, 6-1-21-1 (Burns Code Ed.) and IC 1971, 6-1-1-2 (Burns Code Ed.). The former provides:

"Except as otherwise provided by law, all tangible property within the jurisdiction of this state on the assessment date shall be subject to assessment and taxation."

Note that this provision subjects all tangible property within the State to two functions (1) assessment and (2) taxation. With this in mind, the following provisions of IC 1971, 6-1-1-2, *supra,* become dispositive of plaintiffs' argument:

"The following property shall be *exempt from taxation:*

\* \* \*

Second. The property of any county, city, town or township excepting only such municipality owned public utilities as are expressly taxable under the laws of this state.

Third. All lands granted for the use of the common schools, as long as the same shall remain unsold.

\* \* \*

Fifth. Every building, or part thereof, used and set apart for educational, literary, scientific, religious or charitable purposes by any institution or by any individual or individuals, association or corporation, provided the same is owned and actually occupied by the institution, individual, association or corporation using it for such purpose or purposes, and every building owned and occupied, used and set apart, for educational, literary, scientific, fraternal or charitable purposes by any town, township, city or county, and the tract of land on which such building is situate, including the campus and athletic grounds of any educational institution not exceeding fifty [50] acres; also the lands purchased with the bona fide intention of erecting buildings for such use thereon, not exceeding forty [40] acres; also the personal property, endowment funds, and interest thereon, belonging to any such institution or any town, township, city or county and connected with, used or set apart for any of the purposes aforesaid.

\* \* \*

Seventh. Any part, parcel or tract of land not exceeding eighty [80] acres and the improvement thereon, owned by county or district agricultural associations of this state, organized agreeably to the provisions of 'An act for the encouragement of agriculture,' approved February 17, 1852,

and acts supplemental and amendatory thereto, shall be exempt from taxation: Provided, That when the same shall cease to be used or occupied exclusively for the purposes specifically set out in said act, approved February 17, 1852, and acts supplemental and amendatory thereto, or shall fail in any way to comply with the provisions thereof, the same shall cease to be exempt from taxation; also the real and personal property of the state board of agriculture [state fair board]." (Emphasis added).

While this provision does exempt from taxation the parcels of land in dispute herein, it does not purport to exempt the same from *assessment*. Further, no statutory provision does, in fact, exempt from assessment the parcels of realty in concern. Thus, pursuant to the dictates of IC 1971, 6-1-21-1, *supra*, the real estate of concern is subject to assessment. Being subject to assessment, that real estate therefore is accorded an assessed valuation by the assessor. See, IC 1971, 6-1-21-2 (Burns Code Ed.) and IC 1971, 6-1-1-22 (Burns Code Ed.). Since these properties have an assessed valuation they necessarily are included among the "assessed valuation of real estate in the territory" sought to be annexed for purposes of remonstrance. IC 1971, 18-5-10-24, *supra*.

Despite the apparent resolution of this matter presented by the above statutory construction, plaintiffs argue that *Riggs* v. *Board of Commissioners of the County of Sullivan* (1914), 181 Ind. 172, 103 N.E. 1075 and *Allen etc.* v. *Van Buren Township etc., et al.* (1962), 243 Ind. 665, 184 N.E.2d 25, compel a contrary conclusion. In *Allen,* our Supreme Court interpreted Article 13, § 1 of the Constitution of Indiana as follows:

"It is our judgment that 'the value of the taxable property' within the meaning of Article 13, § 1, *supra,* is the *assessed value* of the property as determined by the last complete assessment for State and County taxes, previous to the incurring of the proposed indebtedness." (Original emphasis.)

Plaintiffs argue that this excerpt from *Allen* indicates that "assessed value" and "the value of the taxable property"

are synonymous. They therefore suggest that the ruling below which included the value of tax exempt property in "assessed value" was contrary to law. However, close reading of the above quote in context with the rest of the *Allen* case reveals that this phrase merely conveys the court's opinion that for purposes of Article 13, § 1 of the Constitution, *supra*, the word "value" in the phrase "the value of taxable property" means assessed value as opposed to actual value. The quote from *Allen* does not, as plaintiffs argue, imply that the phrase "assessed value" means assessed value of taxable property. It merely reveals that value of taxable property means assessed value of taxable property.

In the *Riggs* case, the court stated as follows:

"Assessment for taxation is fixing the valuation of property not constitutionally exempt, to determine the proportion which it, or its owner, shall pay."

Plaintiffs rely upon this language and maintain that since the property owned by the school corporation and the county are constitutionally exempt from taxation, they are not to be included in an assessment. The fallacy in this argument is that the property in question is not constitutionally exempt from taxation, but rather is exempt only by reason of a statutory enactment of the Indiana General Assembly. Article 10, § 1 of the Constitution of Indiana is relevant to the resolution of plaintiffs' argument. In pertinent part, it provides:

"§ 1. *Assessment and taxation.*— (a) The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of *all property,* both real and personal. The General Assembly *may* exempt from property taxation any property in any of the following classes:

(1) Property being used for municipal, educational, literary, scientific, religious or charitable purposes; . . .". (Emphasis supplied).

Pursuant to the authority granted in this provision, the General Assembly enacted IC 1971, 6-1-1-2, *supra*, declaring

certain properties to be exempt from taxation. Thus, the status of being exempt from taxation that is enjoyed by the properties in dispute emanates from a constitutional legislative enactment which, as is true of other statutes, may be modified or repealed at the pleasure of the General Assembly. The Constitution of Indiana does not exempt from taxation the properties of immediate concern. It merely suggests that the legislature *may* exempt certain properties. We therefore hold that the above quoted language from the *Riggs* case does not control the decision herein. Moreover, we conclude that for purposes of this cause, both taxable and tax exempt property should be considered in determining standing to remonstrate pursuant to IC 1971, 18-5-10-24, *supra*. The conclusion of the trial court being the same, was not contrary to law.

The judgment below should be and is hereby affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 339 N.E.2d 807.