### In re KIMBALL.

(District Court, D. Massachusetts. October 21, 1899.)

#### No. 1,650.

1. BANKRUPTCY—PROOF OF CLAIM—VERIFICATION BEFORE CREDITOR'S ATTORNEY.

It is not a valid objection to proof of a claim against the estate of a bankrupt that the officer taking the verification thereof was the creditor's own attorney.

2. SAME—BANKRUPT'S ATTORNEY APPEARING FOR CREDITOR.

While the attorney for a bankrupt should not be permitted to appear in the proceedings as attorney for a creditor also, yet, in the absence of a rule of court on the subject, a claim duly proved against the bankrupt's estate should not be rejected merely because filed for the creditor by the bankrupt's attorney, it being apparent that the attorney acted in entire good faith.

In Bankruptcy. On review of decision of referee in bankruptcy on objections to the allowance of a claim proved against the estate of the bankrupt on the ground that the magistrate before whom the verification was made was the attorney for the creditor, and that the attorney who filed the claim on behalf of the creditor was also attorney for the bankrupt.

H. E. Ruggles, for objecting creditor.

LOWELL, District Judge.   I am satisfied that to prevent the attorney of a party from taking the oath of his client to the proof of a debt in bankruptcy would work great inconvenience to the community, and, not improbably, considerable hardship.   The matter is one which concerns the practical administration of the law, and not abstract justice.   The reasons for the practice are stated in the opinion of the supreme court of Massachusetts in McDonald v. Willis, 143 Mass. 542, 9 N. E. 835.   That the attorney for the bankrupt should be forbidden to appear for the creditors in bankruptcy proceedings seems to me wise, and in this court the matter will soon be governed by rule.   In the absence of a fixed rule, however, while I should sustain the action of a referee who refused to permit the bankrupt's attorney to conduct the case of a creditor before him, yet I am not prepared to hold that a referee is bound to reject a claim merely because it was filed by the bankrupt's attorney.   In this case it appears plainly that the attorney in question acted in all good faith. Order of the referee affirmed.