JOSIAH R. SMITH *vs.* MIDDLESEX MUTUAL FIRE INSURANCE
COMPANY.

Franklin.    September 18, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Insurance,* Fire: other insurance.    *Contract;* Construction.

A provision contained in a policy of fire insurance, that "It is made a condition
of this contract that the total insurance permitted, including the amount of
this policy, is limited to $7,600," where the policy also contains the provision,
that "This policy shall be void if . . . the insured now has or shall here-
after make any other insurance on the said property without the assent in
writing or in print of the company," is an absolute condition, the violation of
which prevents a recovery on the policy.

It is the settled law of this Commonwealth that a valid subsequent insurance,
made in violation of a limitation or condition in a prior policy, avoids such
prior policy.

A contract of fire insurance, made upon property already insured under other
policies to the amount of $7,600, which is issued to the insured by an agent of
the insurance company with his written permission as the "special agent"
of the company, and which bears a "form" or "rider" attached to it signed by
the agent "as agent" in the manner provided by St. 1907, c. 576, § 60, cl. 7, con-
taining the words, "Other Insurance Permitted," is a valid contract of insurance
upon the property in question creating an excess over $7,600 of all the insur-
ance on the property.

CONTRACT for $784.75 on a policy of fire insurance in the Mas-
sachusetts standard form with certain additional clauses as
described in the opinion, being the amount of a loss by fire of
property covered by the policy on July 28, 1914. Writ dated
January 29, 1915.

In the Superior Court the case was submitted to *Callahan, J.,*
upon an agreed statement of facts, containing the facts which are
stated in the opinion. The judge found for the defendant and by
his order judgment was entered for the defendant. The plaintiff
appealed.

The case was submitted on briefs.
*N. P. Avery* & *A. S. Gaylord,* for the plaintiff.
*F. W. Brown* & *W. L. Came,* for the defendant.
PIERCE, J. The defendant places its defence on the ground that

the plaintiff, in violation of the terms of the policy upon which he declares, made other insurance upon the same property without the assent in writing or in print of the defendant company.

It is agreed that the defendant's policy was in the Massachusetts standard form prescribed by St. 1907, c. 576, § 60, in the amount of $900, for the term of three years beginning March 8, 1912; that it covered certain property described and apportioned in said policy as follows:

| "House | Furniture | Barn | Produce | Tools | Wagons |
|--------|-----------|------|---------|-------|--------|
| $375.00 | $75.00 | $250.00 | $75.00 | $75.00 | $50.00;" |

that the policy contained this provision: "This policy shall be void if . . . the insured now has or shall hereafter make any other insurance on the said property without the assent in writing or in print of the Company;" and that it also contained this provision: "It is made a condition of this contract that the total insurance permitted, including the amount of this policy, is limited to $7,600.

"In case of other insurance on any of the property mentioned in this policy, whether said other insurance includes the same permissions, hazards, or limits, or whether said other insurance covers in as general a location or not, this Company shall be liable only in the proportion its insurance bears to the whole insurance thereon."

It is agreed that at the time when this policy was issued there were on the property five other fire insurance policies, which with this policy amounted to $7,600; that the property was injured and destroyed by fire on July 28, 1914; "that the defendant had due notice of the loss and that the plaintiff has done all things to entitle him to recover under the terms of his policy, so far as giving notice and furnishing statements required by the terms of the Massachusetts standard policy are concerned."

Before the fire four of the policies expired by limitation of time and were renewed. The fifth policy on expiration was not renewed but a new policy was made in another company covering stock to the amount of $250 in addition to the amount apportioned to the house, barn and produce. The defendant makes no question as to the validity of the renewal policies or as to the substituted policy.

It is further agreed that on March 27, 1912, the plaintiff secured

a policy in the Orient Insurance Company in the Massachusetts standard form of fire insurance policy, for the term of three years, in the amount of $1,200, of which $1,100 covered a portion of the same property described and apportioned as follows:

| "House | Furniture | Barn | Wagons | Stock |
|--------|-----------|------|--------|-------|
| $400.00 | $100.00 | $350.00 | $250.00 | $100.00;" |

that one of the printed provisions which was attached to this policy was the following: "E — In case of other insurance on any of the property mentioned in this policy, whether such other insurance is valid or not, or whether it covers the same permissions or hazards or in as general a location or not, this Company shall be liable only in proportion as this insurance bears to the whole insurance thereon;" that at the time when this policy was issued the agent knew that there was prior insurance covering the property and so advised the Orient Insurance Company, and that through inadvertence and oversight the agent neglected to write upon the "form" or "rider" attached to the said policy the words "Other Insurance Permitted," which words the agent thought were printed in said "form" or "rider." It is further agreed that on April 25, 1913, the "special agent" of the Orient Insurance Company, who had general supervision of the company's business in the Massachusetts and Rhode Island territory, gave permission to the agent who issued the policy dated March 27, 1912, to issue to the plaintiff a second Orient policy, which was accordingly issued May 1, 1913, whereby the plaintiff was insured for the term of three years from that date for $1,200, of which $1,100 covered a portion of the same property as follows:

| "House | Furniture | Barn | Wagons | Stock |
|--------|-----------|------|--------|-------|
| $400.00 | $100.00 | $350.00 | $250.00 | $100.00." |

On the "form" or "rider" which was signed by the agent and attached to the policy in the manner provided for by St. 1907, c. 576, § 60, cl. 7, were written the words, "Other Insurance Permitted," clause "E," above quoted, was printed thereon and no limitation of the amount of such other insurance was made.

It was further agreed that the agent, in his "daily report" to the home office of the Orient Insurance Company on the last policy, wrote "An additional policy No. 399602" (the first policy), and

attached to the "daily report" the letter of the "special agent" giving permission to issue to the plaintiff a second policy. The agreed facts contain no statement that the defendant assented to the additional insurance in excess of the amount limited at the time when placed. Nor does the plaintiff contend that the defendant ever knew that the excessive insurance had been obtained until after the fire.

As the case is before us on an appeal taken by the plaintiff from the judgment of the Superior Court following a submission to a judge of that court upon the agreed statement of facts, the only question presented is whether upon the agreed facts and the reasonable inferences to be drawn therefrom the finding of the judge of the Superior Court for the defendant was unwarranted as a matter of law. St. 1913, c. 716, § 5. *Boston Lodge Order of Elks* v. *Boston,* 217 Mass. 176, 177.

We are of opinion that the provision in the policy of the defendant that "It is made a condition of this contract that the total insurance permitted, including the amount of this policy, is limited to $7,600," is not merely a representation, the violation of which does not avoid the policy unless there be fraud in the representation or the excess insurance be material to the risk, but is by the precise terms of the contract "a condition" or stipulation to be taken and read with the further provision of the contract that "This policy shall be void if .... the insured now has or shall hereafter make any other insurance on the said property without the assent in writing or in print of the Company." *Conway Tool Co.* v. *Hudson River Ins. Co.* 12 Cush. 144. *Union National Bank of Oshkosh* v. *German Ins. Co. of Freeport,* 71 Fed. Rep. 473.

The second Orient policy of insurance was issued to the plaintiff by an agent of the insurance company with the written permission of the "special agent" of the company. It covered a portion of the same property as did the policy of the defendant. It bore a "form" or "rider" attached to the policy upon which was written and signed by the agent "as agent" in the manner provided by St. 1907, c. 576, § 60, cl. 7, the words, "Other Insurance Permitted," and the amount apportioned to the property covered by the policy of the defendant made the total insurance thereon including the amount covered by the policy of the defendant in excess of $7,600. We are of opinion that the second Orient policy

was a legal and valid contract of insurance; that the agreed facts warranted a finding that it was insurance in excess of $7,600; that it was made without the assent in writing or in print of the defendant, and without the knowledge of the defendant until after the fire. *Canton Co-operative Bank* v. *American Central Ins. Co.* 219 Mass. 132, 136.

It is the settled law of this Commonwealth that valid subsequent insurance avoids a prior policy if made in violation of a limitation or condition of that policy. *Jackson* v. *Massachusetts Mutual Fire Ins. Co.* 23 Pick. 418. *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342. *Hayes* v. *Milford Mutual Fire Ins. Co.* 170 Mass. 492, 496. *Northern Assurance Co.* v. *Grand View Building Association,* 183 U. S. 308. *Lindley* v. *Union Ins. Co.* 65 Maine, 368.

It becomes unnecessary to determine whether upon the agreed facts the first Orient policy could have been found to have been a legal and valid contract of insurance by reason of the acts and declarations of the agent and special agent of the Orient Insurance Company.

It follows in accordance with the terms of agreement of the parties that judgment shall be entered for the defendant.

*So ordered.*