WILLIAM LUKIWESKY *vs.* MARTIN KUPOROTZ.

MICHAEL LUKIWESKY *vs.* SAME.

Norfolk.    May 18, 1933. — June 29, 1933.

Present: PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Auditor: findings. *Negligence,* Of child, Contributory, In use of way.

An action by a boy seven and one half years of age for personal injuries sustained when he was struck, while walking across a street forty-two feet wide, by an automobile operated by the defendant was referred to an auditor whose findings of fact were to be final. The plaintiff testified before the auditor that he saw an automobile about one hundred eighty feet away to his right; that he did not hurry; that he did not see the automobile which struck him; and that he was struck at a point which was about thirty-four feet from the curb he had left. There was evidence that the automobile of the defendant was travelling at the rate of thirty-five miles an hour and that there were no other vehicles in the street at the time. There was no evidence that the plaintiff saw the automobile a second time before it struck him or that he looked or paid any attention to it. The auditor found that the plaintiff paid no attention to the automobile after he first saw it one hundred eighty feet away, until it struck him; that he could have watched it all the time he was crossing the street; that he had not exercised the care ordinarily expected of children of his age; and that he was guilty of contributory negligence. *Held,* that the findings of the auditor were warranted and must stand.

Two ACTIONS OF TORT. Writs dated September 28, 1931, and June 8, 1932.

In the Superior Court, the actions were referred to the same auditor, the parties having agreed in the first action that his findings should be final. Material facts found by the auditor, proceedings before *J. J. Burns,* J., after the filing of the auditor's report, and exceptions saved by the plaintiffs are described in the opinion. The judge ordered judgment for the defendant in each action. The plaintiffs alleged exceptions.

*R. Clayton,* (*L. Lebowitz* with him,) for the plaintiffs.

*C. C. Petersen,* (*E. C. Mower* with him,) for the defendant.

PIERCE, J.   These are two actions of tort. In the first action the plaintiff, seven and one half years of age, seeks to recover damages for personal injuries sustained on August 15, 1931, when an automobile owned and operated by the defendant collided with him. The second action is brought by the father of the plaintiff in the first action to recover damages sustained in consequence of alleged negligence of the defendant in the first action. In each action the defendant for answer filed a general denial and alleged contributory negligence of the plaintiff in the first action.

In the Superior Court in accordance with an agreement of the parties the cases were referred to an auditor, whose findings of fact in the first action were to be final. Both cases were heard by the auditor and on August 20, 1932, he filed his report. He found that the defendant was the operator of the automobile which came in contact with the plaintiff and caused the injuries complained of; that the defendant, at the time of the accident, was operating his automobile at a speed of thirty-five miles an hour through a business section of the town, over a straight road forty-two feet wide, with no other traffic on the highway to hinder his view, or prevent him from seeing the plaintiff; that the defendant in these circumstances should have seen the plaintiff and slowed down upon approaching the plaintiff, a pedestrian on the highway, as he was required to do by statute; that the defendant was negligent in the operation of his automobile, and that the contact with the plaintiff could have been avoided. His findings rela-

tive to the contributory negligence of the minor plaintiff are that the approaching automobile was first seen by the plaintiff at least one hundred eighty feet away; that the plaintiff paid no further attention to it until it was actually in contact with his person; that the plaintiff could have seen and watched the progress of the automobile during the entire time he was crossing the street; that the accident happened in a business section of the town where vehicles might be expected to pass constantly; that the plaintiff did not exercise the degree of care for his own safety ordinarily expected in children of his age; that he was negligent, and such negligence contributed to the injuries for which he seeks to recover in this action.

The plaintiff in each action filed a motion to recommit the cases to the auditor for the following purposes: (1) To find for the plaintiff; (2) To assess damages; and (3) To expunge the finding for the defendant. In each case the defendant filed a motion "that judgment may be entered for the defendant in accordance with the auditor's report." On January 4, 1933, the above motions were heard in the Superior Court. The plaintiffs' motions to recommit to the auditor were denied; the plaintiffs' reservation of rights to introduce further evidence and the claim for jury trial were ordered struck from the files and records; and the defendant's motion for judgment in each case was allowed. The plaintiff duly saved exceptions to the denial of the motion to recommit and to the allowance of the defendant's "motions for judgment and to the finding for the defendant."

The report of the auditor in the case at bar is in effect a case stated. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147. *Prendergast* v. *Sexton*, 282 Mass. 21, 24. *Zarthar* v. *Saliba*, 282 Mass. 558, 562. The contention of the plaintiff is that "The finding of the auditor that the plaintiff was guilty of contributory negligence is inconsistent with the subsidiary facts found and is, at best, an unwarranted inference which is plainly wrong." The facts as found by the auditor are as follows: Washington Street, in the town of Norwood, runs approximately north and south

and is straight for a considerable distance. It is forty-two feet wide from curb to curb, with car tracks on the easterly side of the street. Oolah Avenue is an intersecting street entering Washington Street from the west, but not crossing it; Heaton Avenue is an intersecting street entering Washington Street from the east, but not crossing it, and it is not quite opposite but a little southerly of Oolah Avenue. An A. & P. store is on the easterly side of Washington Street diagonally across and slightly north from Oolah Avenue. The moving picture theatre is situated on the easterly side of Washington Street about one hundred eighty feet south of the northerly corner of Oolah Avenue.

The minor plaintiff testified that while at his home on Oolah Avenue his mother gave him money and he was going to the A. & P. store to buy a quart of milk and some crackers; that he saw an automobile near the moving picture theatre; that there were two boys with him about the same age; that these two boys stood on the sidewalk and he went into the street alone; that as he was walking across the street he was not in a hurry and did not run, and the reason he was ahead of the other boys was because he could walk faster; that he was near the car track when the automobile hit him and that he did not see the automobile. There was no evidence that the plaintiff saw the automobile again from the time he saw it in front of the moving picture theatre until it hit him, and no evidence that he looked or paid any attention to it from the time he first saw it. There was evidence that there were no other vehicles of any kind in the street at or near the place of the accident except the one referred to by the plaintiff. Upon this evidence the auditor made the inference of fact that the plaintiff, after seeing the automobile near the moving picture theatre, one hundred eighty feet south of him, paid no further attention to it until it was actually in contact with his person, and that he could have seen and watched the progress of the automobile during the entire time he was crossing the street.

The exact point of the accident is in dispute, but the

definite testimony of a witness for the plaintiffs, one Consentino, warranted the finding of the auditor that the accident occurred on the easterly side of Washington Street, near the westerly rail of the car tracks, at a point about in front of the A. & P. store. There was no testimony from anybody as to the movements of the boy from the time he left the edge of the sidewalk at the corner of Oolah Avenue until he came in contact with the automobile. The road upon which the plaintiff was injured was forty-two feet wide from curb to curb, the point of the accident was on the easterly side of Washington Street near the westerly rail of the car tracks about in front of the A. & P. store. The distance from the edge of the sidewalk at the northerly corner of Oolah Avenue to the westerly rail of the street car tracks is approximately thirty-four feet as shown by a sketch attached to the plaintiff's brief. The evidence is to the effect that when the plaintiff first saw the automobile it was distant one hundred eighty feet away and travelling at the rate of thirty-five miles an hour. Upon the facts found the plaintiff contends that the auditor as a matter of mathematical computation could have inferred that the plaintiff had passed at least twenty-two feet over the roadway when for the first time he saw the automobile one hundred eighty feet away, and that such being the fact he was not warranted in finding that it was negligence to pass over the remaining twelve feet without looking to see where the automobile was in fact. We think the conclusions of fact found by the auditor would have been warranted if found by a jury. See *Daignault* v. *Berkshire Street Railway*, 277 Mass. 227; *Sullivan* v. *Boston Elevated Railway*, *ante*, 507. His findings stand upon the same footing as a verdict of a jury and they must not be reversed unless tainted in some material particular by error of law. *Lunn & Sweet Co.* v. *Wolfman*, 268 Mass. 345, 349. In each case the entry must be

<div align="right">

*Exceptions overruled.*