UNITED STATES FIDELITY AND GUARANTY COMPANY *vs.* ENGLISH CONSTRUCTION COMPANY.

SAME *vs.* MARY L. SHEEHAN.

Middlesex.    October 3, 1938. — April 25, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & DOLAN, JJ.

*Practice, Civil,* Auditor: findings, drawing of inferences from findings, objections to report. *Fraudulent Conveyance. Fraud. Evidence,* Presumptions and burden of proof. *Deed,* Acknowledgment. *Land Court,* Exceptions: whether properly saved, waiver. *Corporation,* Ultra vires. *Mortgage,* Of real estate: validity, foreclosure.

Although findings of subsidiary facts by an auditor whose findings were to be final must stand unless it appears that there was no evidence sufficient in law to warrant them, his conclusions of fact reached by inference from those subsidiary facts are open to review as matters of fact not only by the trial court but also by this court.

Certain questions, purported to be presented to this court by exceptions saved in the Land Court by the tenant in a writ of entry which was heard upon the report of an auditor whose findings were to be final, were not open here, either because no objection relating thereto was filed under Rule 89 of the Superior Court (1932), Rule 6 of the Land Court (1935), or because the tenant had failed to cause the facts and evidence upon which an objection was based to appear in the auditor's report.

The demandant in a writ of entry was not bound by testimony of one who dominated, owned and controlled a corporation which was the tenant, although he called him as a witness.

An acknowledgment to a deed was not invalid merely because the magistrate who took the acknowledgment was an attorney employed by the grantee.

No objection under Rule 89 of the Superior Court (1932) is necessary to raise in the trial court or in this court the question whether a conclusion stated in the report of an auditor whose findings were to be final was proper on the subsidiary facts reported.

A motion for confirmation of the report of an auditor whose findings were to be final is not in accord with correct practice.

Under Rule 6 of the Land Court (1935), an exception to the overruling of objections to the report of an auditor whose findings were to be final was seasonably saved by the filing within twenty days of a bill of exceptions setting forth such exception, without a previous claim of exception.

An exception duly saved in a writ of entry in the Land Court to the overruling of objections to the report of. an auditor whose findings were to be final was not waived nor lost by a failure later to raise substantially the same question by exception to or appeal from an order for judgment.

The purchaser at a sheriff's execution sale of property, previously conveyed fraudulently by the judgment debtor to a corporation which then *ultra vires* gave a mortgage of it to one who was "not intentionally a party to any fraud," could not maintain a writ of entry against one who, merely knowing of the fraudulent conveyance and that the corporation had acted *ultra vires*, had purchased the property at a sale in foreclosure of the mortgage, where it appeared that the corporation when it gave the mortgage had received more than the amount thereof and had suffered no impairment of its assets.

Two WRITS OF ENTRY in the Land Court dated May 7, 1934.

The cases were heard by *Fenton*, J.

*W. D. Regan*, for the tenants.

*W. F. Howard*, for the demandant.

LUMMUS, J. These are writs of entry for different parcels of land. On June 10, 1930, the demandant, as assignee of a judgment recovered in New York by one Mullen against Dennis E. Conners and. a corporation named Conners

Brothers Company, brought an action upon the judgment in a district court in this Commonwealth, and made a special attachment of the right, title and interest of Conners Brothers Company in twelve parcels of land standing in the name of the tenant English Construction Company, a corporation, and in nine other parcels of land standing in the name of the tenant Mary L. Sheehan, then Mary L. Conners. On December 15, 1933, judgment was recovered against Conners Brothers Company for $24,955.96 damages and $28.32 costs. On January 6, 1934, execution was issued. On January 9, 1934, levy was made upon the land specially attached. On April 14, 1934, the land was sold on execution to the demandant for $19,670, and the sheriff on April 25, 1934, gave a deed to the demandant, which was recorded on May 4, 1934. The sheriff made his return on April 24, 1934.

Conners Brothers Company was engaged in the contracting business. From 1914 on it was wholly dominated and controlled by Dennis E. Conners, the father of Mary L. Sheehan. The claim which resulted in the Mullen judgment originated in a bond for $20,000 executed on February 17, 1916, given by Conners Brothers Company to Bass Construction Company, conditioned upon the performance by the former company of a building contract. The demandant and another surety company were sureties upon this bond. An action was brought in New York upon this bond on June 28, 1918, and ultimately on June 29, 1922, the sureties were compelled to pay $25,617.46. Of this they were repaid $7,716.16. They assigned to Mullen their claims against Conners Brothers Company and Dennis E. Conners, and Mullen recovered judgment against them in New York on March 22, 1926, for $17,046.41, which judgment was assigned to the demandant on March 24, 1926.

During the litigation in New York, Dennis E. Conners, his wife Margaret V. Conners, and his daughter Mary L. Sheehan, organized the tenant English Construction Company under the laws of Delaware. They constituted all the directors. It was dominated, owned, and controlled by Dennis E. Conners. Dennis E. Conners caused Conners

Brothers Company, in December, 1921, to convey all its real estate, valued at $56,970, without consideration, through himself or his wife to English Construction Company. The auditor found that the conveyance left Conners Brothers Company insolvent. All three persons named knew the financial condition of Conners Brothers Company, and consequently knew that the effect of the transaction was to leave that corporation insolvent.

The land standing in the name of Mary L. Sheehan at the time of the special attachment was worth $30,000. It came to her in this way. One Edward F. Conners had a claim against Dennis E. Conners, which was settled by a mortgage for $5,700 given by English Construction Company on February 25, 1925, covering nine parcels of land which had been the property of Conners Brothers Company and had been conveyed to English Construction Company as already described. Edward F. Conners had no claim against either corporation. He not only released his claim against Dennis E. Conners in consideration of the mortgage, but also assigned to English Construction Company an interest in life insurance policies upon which English Construction Company ultimately received $5,816.22, more than the principal of the mortgage. But a default in the mortgage occurred, and on November 23, 1925, the land covered by the mortgage was sold at foreclosure sale to the tenant Mary L. Sheehan for $8,600. What happened to the surplus above the mortgage debt did not appear.

Judgment for the demandant was ordered in each case. Each tenant filed a bill of exceptions.

The facts already recited appear in the report of an auditor whose findings of fact by agreement were to be final. The report of such an auditor constitutes a case stated. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147. *Untersee* v. *Untersee*, 299 Mass. 417. *Vigneault* v. *Dr. Hewson Dental Co.* 300 Mass. 223. *Pesce* v. *Brecher*, 302 Mass. 211. Although his subsidiary findings must stand unless it appears that there was no evidence sufficient in law to warrant them, his conclusions of fact reached by inference from those subsidiary findings are open to review as matter

of fact not only by the trial court but also by this court when the case comes here "upon appeal, exceptions, report or other proceedings in the nature of an appeal." G. L. (Ter. Ed.) c. 231, § 126. *Untersee* v. *Untersee*, 299 Mass. 417, 420. See also *Farrington* v. *Boston Safe Deposit & Trust Co.* 280 Mass. 121, 127. This was assumed in *Bloom, South & Gurney, Inc.* v. *Mitchell*, 289 Mass. 376, 379, and in *Brodie* v. *Donovan*, 298 Mass. 69, 71, and cannot be doubted in view of the statute, which was designed to make the practice on appeal upon cases stated at law conform to the practice on appeal in equity cases submitted upon agreed facts (*Stuart* v. *Sargent*, 283 Mass. 536, 541; *Hannah* v. *Frawley*, 285 Mass. 28, 31; *McMurdo* v. *Getter*, 298 Mass. 363, 364), or upon the report of a master. *MacLeod* v. *Davis*, 290 Mass. 335. This constitutes a statutory exception to the general rule that "the drawing of permissible inferences in an action at law is a question of fact; it is a function of the fact finding tribunal and not of this court on review of questions of law." *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335, 340. *Jones* v. *Clark*, 272 Mass. 146. *Worcester* v. *L. Rocheford & Son, Inc.* 300 Mass. 261. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 568. There are in a number of reported cases expressions which may be thought to tend towards making unreviewable by this court the conclusions drawn by the trial judge from the subsidiary findings of such an auditor, if those conclusions are warranted as matter of law; but that is not the correct rule of practice, since St. 1913, c. 716, § 5 (G. L. [Ter. Ed.] c. 231, § 126). See *Boston Lodge, No. 10, Benevolent & Protective Order of Elks* v. *Boston*, 217 Mass. 176, 177; *Smith* v. *Middlesex Mutual Fire Ins. Co.* 228 Mass. 301, 304; *Standard Oil Co. of New York* v. *Malaguti*, 269 Mass. 126, 129; *Rosenthal* v. *Liss*, 269 Mass. 373, 374; *Lukiwesky* v. *Kuporotz*, 283 Mass. 524, 528; *Bratton* v. *Rudnick*, 283 Mass. 556, 558; *Scott* v. *Lieberman*, 284 Mass. 325, 327; *Sojka* v. *Dlugosz*, 293 Mass. 419, 422; *Boston & Albany Railroad* v. *Commonwealth*, 296 Mass. 426, 430.

If any finding of fact by an auditor whose findings of

fact are final "appears in the report to be based upon an erroneous opinion of law, or upon inadmissible evidence" (G. L. [Ter. Ed.] c. 221, § 56), the point is now presented, under Rule 89 of the Superior Court (1932), not as formerly by a simple motion to recommit (*Spilios* v. *Papps*, 288 Mass. 23), but by bringing in to the auditor within ten days after the settling of the draft of his report, written objections thereto which are appended to the report as filed, and which form the sole basis for an obligatory re-committal. Rule 6 of the Land Court, adopted on March 28, 1935, and approved by this court to take effect from and after April 30, 1935, provides as follows: "All proceedings shall be governed by the rules of the superior court as the same now are or may hereafter be established, so far as applicable," with an immaterial exception.

Some of the questions argued as to the conduct of the auditor and his findings are not open in the absence of an objection under Rule 89 of the Superior Court (1932). Others cannot be dealt with because of the failure of the tenants to cause the facts and evidence upon which the objection is based to appear in the report of the auditor. *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 483, 484. *Pearson* v. *Mulloney*, 289 Mass. 508, 512, 513. *Morin* v. *Clark*, 296 Mass. 479, 484. *Krauss* v. *Kuechler*, 300 Mass. 346, 348. *Markey* v. *Smith*, 301 Mass. 64, 75. *Wilbur* v. *Newton*, 302 Mass. 38, 44–45. Other objections brought in have not been argued and therefore are waived. *Boston* v. *Dolan*, 298 Mass. 346, 355–356. Only a few require discussion.

(1) The auditor was not required to believe the testimony of Dennis E. Conners that there was consideration for the conveyance of land from Conners Brothers Company to English Construction Company, and that the conveyance did not make the former company insolvent, even though he was called as a witness by the demandant. The demandant was not bound by his testimony. *Haun* v. *LeGrand*, 268 Mass. 582, 584. *Griffin* v. *New York, New Haven & Hartford Railroad*, 279 Mass. 511, 516. *Canavan* v. *George*, 292 Mass. 245. *Sluskonis* v. *Boston & Maine*

*Railroad*, 299 Mass. 413, 415. The doubt on this point, intimated in *Marquandt* v. *Boston Young Women's Christian Association*, 282 Mass. 28, 31, has been resolved by the cases just cited. (2) The deposition of one McArthur, offered by the demandant, was objected to by the tenants on the ground that the commissioner before whom it was taken was an employee of the demandant, which was the fact. The auditor admitted the deposition, stating that the point ought to have been raised before the hearing. We need not discuss that reason, nor the requirement of impartiality in a commissioner (*Wood* v. *Cole*, 13 Pick. 279; *Coffin* v. *Jones*, 13 Pick. 441; *Chandler* v. *Brainard*, 14 Pick. 285; *Culver* v. *Benedict*, 13 Gray, 7; *Judd* v. *Tryon*, 131 Mass. 345, 346), for it does not appear that the deposition contained evidence of any consequence. (3) The fact that the deed from the sheriff to the demandant following the sale on execution, was acknowledged before a magistrate who was also interested on the side of the demandant as an attorney working for a contingent fee, even if the fact had been made to appear in the auditor's report, would not invalidate the acknowledgment under the law and immemorial practice in this Commonwealth. *McDonald* v. *Willis*, 143 Mass. 452. *In re Kimball*, 100 Fed. 777. Note, 74 Am. L. R. 771. Compare *Judd* v. *Tryon*, 131 Mass. 345, 347.

The question whether subsidiary findings by a master, or an auditor coming within Rule 89 of the Superior Court (1932), support a conclusion of fact expressly based solely upon such findings, is one which may, but need not, be made the subject of an objection brought in to the master or auditor and appended to his report. Even if no objection is brought in, and even if a master's report is confirmed, the question remains open on the face of the report. *MacLeod* v. *Davis*, 290 Mass. 335. *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24. *Goodwin* v. *Simpson*, 292 Mass. 148. *Untersee* v. *Untersee*, 299 Mass. 417, 420–421. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431. If upon the subsidiary facts the conclusion is not correct, no recommittal is necessary, for both the judge below and this court are

subject to a duty to draw the correct conclusion of fact from the subsidiary findings and to order the correct judgment or decree.   The drawing of a conclusion or inference of fact, contrary to that drawn by the master or auditor in his report, may be implied in the decree or order for judgment.   *Smith* v. *Kenney*, 213 Mass. 6.   But it is better practice for the judge, if he draws such a contrary conclusion or inference of fact, to do so expressly, and to confirm the report, if a master's report, as modified by the findings made by the judge by inference from the subsidiary findings.   *Nichols* v. *Atherton*, 250 Mass. 215, 216, 217. There is no provision for confirming an auditor's report, even where his findings are final, and the motions filed in this case for confirmation of the auditor's report were not in accord with correct practice.

The tenants contend that the subsidiary findings do not support the conclusion, drawn solely from them, that Conners Brothers Company was rendered insolvent by the conveyance of all its real estate, already described.   An examination of the subsidiary findings convinces us that they support the conclusion of the auditor.   G. L. (Ter. Ed.) c. 109A, § 4.   *Harris* v. *Flynn*, 272 Mass. 8, 13.   The subsidiary findings, in our opinion, support the auditor's conclusion that the conveyances were fraudulent on the part of Dennis E. Conners, Conners Brothers Company and English Construction Company.

In the action against English Construction Company no error in ordering judgment for the demandant appears, even if we assume, as we have assumed, that the points argued and discussed in this opinion are properly brought here upon the bill of exceptions.   We have thought it best to deal with the case on its merits, so far as possible.   But in the case against Mary L. Sheehan, a serious question arises on the merits, and since the demandant has argued that that question has not been properly brought before us, we must deal with the matter of practice.

Judgment was ordered for the demandant on January 17, 1938.   Instead of resorting to the simple remedy of appeal from the order for judgment upon a case stated

(G. L. [Ter. Ed.] c. 231, §§ 96, 142; *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 449), the tenant Mary L. Sheehan brought the case here upon a bill of exceptions. The rights of Edward F. Conners and of Mary L. Sheehan were raised, though not too clearly, by the objections to the auditor's report, which were overruled by the judge on September 21, 1937, at which time he denied the tenant's motion to recommit the report. Nowhere in the record or the docket entries appears any separate claim of exception by the tenant to the action of the judge taken on September 21, 1937. But on October 11, 1937, the tenant filed a bill of exceptions stating that she was aggrieved by that action. That bill of exceptions after amendment was allowed on March 8, 1938. A motion by the demandant to dismiss the bill of exceptions "on the ground that the same was not filed within the twenty days allowed by law for the filing of exceptions to the orders and rulings by which the tenant claims to be aggrieved" was waived on February 28, 1938. The bill of exceptions was filed within the twenty days after the action taken on September 21, 1937, limited by G. L. (Ter. Ed.) c. 231, §§ 113, 142; and Rule 6 of the Land Court, adopted March 28, 1935, and approved by this court to take effect from and after April 30, 1935, provides that "no statement other than that contained in a bill of exceptions that a party excepts to an order, ruling or decision made in the absence of counsel, need be filed." Under this rule, the exception was seasonably taken. Compare Rule 72 of the Superior Court (1932); *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, 427. Exceptions to the overruling of the objections and the refusal to recommit the report were therefore properly saved. They were not waived or lost by the failure at a later stage to raise substantially the same questions by exceptions or appeal from the order for judgment for the demandant. The loss of an appeal from an interlocutory decree by failure to appeal from the final decree is not comparable. *Fusaro* v. *Murray*, 300 Mass. 229. *School Committee of Winchendon* v. *Selectmen of Winchendon*, 300 Mass. 266. The

question arising on the merits is therefore properly before us.

The question to which we refer is this. English Construction Company, taking among others nine parcels of land from Conners Brothers Company with notice of the fraud, gave a mortgage for $5,700 to Edward F. Conners, who was "not intentionally a party to any fraud" and furnished valuable consideration to the full extent of the mortgage, a considerable part of which benefited English Construction Company as has been shown. The auditor and the judge held that since the mortgage was given, not to secure or discharge a debt of the mortgagor English Construction Company, but mainly to discharge a debt of Dennis E. Conners personally, it was *ultra vires* of that company, and invalid against that company and the demandant as well. The agreement of association of English Construction Company provided that one of its purposes and powers was the acquisition of property and the assumption of obligations of others (*Bennett* v. *Corporation Finance Co. Inc.* 258 Mass. 306, 313 *et seq.; Hare & Chase, Inc.* v. *Commonwealth Discount Corp.* 260 Mass. 134; *New Hampshire National Bank* v. *Garage & Factory Equipment Co.* 267 Mass. 483, 489); but we think that did not authorize the voluntary discharge of the debt of one of the officers, unconnected with any acquisition of property. The mortgage appears to have been *ultra vires* of English Construction Company.

It does not appear, however, that the assets of that company were impaired by the transaction in which the mortgage was given. On the contrary, the result of the transaction appears to have been that more than the amount of the mortgage went into its treasury. Under those circumstances, a true creditor of that company could not raise the objection of *ultra vires*, and neither can the demandant. *Brent* v. *Simpson*, 238 Fed. 285, 291. *Force* v. *Age-Herald Co.* 136 Ala. 271. *New Hartford Water Co.* v. *Village Water Co.* 87 Conn. 183. *Lincoln Court Realty Co.* v. *Kentucky Title Savings Bank & Trust Co.* 169 Ky. 840. Edward F. Conners had as against the demandant

a valid mortgage interest, and a right to sell the mortgaged property at foreclosure sale. G. L. (Ter. Ed.) c. 109A, § 9 (2). *Harris* v. *Flynn*, 272 Mass. 8. *Cowles* v. *Dickinson*, 140 Mass. 373. *Barishefsky* v. *Cohen*, 299 Mass. 360. *Ledyard* v. *Butler*, 9 Paige Ch. (N. Y.) 132. *Murphy* v. *Briggs*, 89 N. Y. 446. *Ashland Savings Bank* v. *Mead*, 63 N. H. 435. *Lewis* v. *Dudley*, 70 N. H. 594. *Hollander* v. *Gautier*, 114 N. J. Eq. 485. His market could not be restricted to those who had no notice of the fraudulent conveyance to his mortgagor. If Mary L. Sheehan merely had notice that the conveyance to the mortgagor was fraudulent, she was entitled to buy at the foreclosure sale in reliance upon the right of the mortgagee Edward F. Conners to which she succeeded. G. L. (Ter. Ed.) c. 109A, § 9. *Suffolk Savings Bank* v. *Boston*, 149 Mass. 364, 367. See *Walsh* v. *Macomber*, 119 Mass. 73, 76; *Brooks* v. *Bennett*, 277 Mass. 8, 16.

The auditor and the judge did not decide the case in accordance with these principles. It may be that Mary L. Sheehan, in buying at the foreclosure sale, acted merely as the agent of her father, Dennis E. Conners, or that she actively participated in the fraud. If so, very likely she cannot hold as against the demandant. But her status was not determined. The case was decided on the assumption that she merely had notice of the fraud and that in buying she was acting for herself. If so, the decision for the demandant on the ground that the mortgage was *ultra vires* of English Construction Company appears to have been erroneous, and the error was sufficiently though none too clearly raised by the tenant's fourth and fifth objections to the auditor's report, which were overruled.

The result is, that in the case against English Construction Company the exceptions are overruled, and in the case against Mary L. Sheehan the exceptions are sustained.

*So ordered.*